O

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| CLAUDIA HERNANDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:13-CV-234 |
| | § | |
| ROBERTO SALVADOR RODRIGUEZ | § | |
| MORALES, | § | |
| | § | |
| Defendant. | § | |

## ORDER

The Court now considers the self-styled "Defendant Salvador Roberto Rodriguez Morales' Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss & Brief in Support,"[1] filed by Salvador Roberto Rodriguez Morales ("Defendant"). Claudia Hernandez ("Plaintiff") has responded,[2] and Defendant has replied.[3]

After considering the motion, response, reply, record, and relevant authorities, the Court converts the motion to dismiss to a motion for summary judgment due to both parties' reliance on matters outside the pleadings, and **GRANTS** the motion for summary judgment. Plaintiff's claim for medical expenses incurred prior to her eighteenth birthday is **DISMISSED**.

### I.      Factual Background and Case Posture

On January 5, 2011, Plaintiff and Defendant collided while driving in a parking lot.[4] Plaintiff was 17 years old at the time,[5] and under the care of her parents.[6] Her back and neck

---

[1] Dkt. No. 11.
[2] Dkt. No. 12.
[3] Dkt. No. 13.
[4] Dkt. No. 1 at p. 8, ¶5.1.
[5] Dkt. No. 11 at p. 8, ¶¶19-20.
[6] *Id.* at p. 9, ¶¶10-16.

O

were injured in the collision, and she sought medical attention over the next several months.[7] She turned eighteen years old on April 8, 2011,[8] and filed suit against Defendant on December 21, 2012,[9] but did not serve Defendant until April 24, 2013.[10] Defendant timely removed.

Defendant now seeks to dismiss Plaintiff's claim for the medical expenses incurred prior to her eighteenth birthday, arguing that under Texas law this claim belongs to Plaintiff's parents, since they were liable for the expenses.[11]

Before reaching the merits of this motion and of Plaintiff's response, the Court must clarify the procedural posture of the case and the applicable legal standards.

## II.    Conversion to and Standards for Summary Judgment

*Converting to a Motion for Summary Judgment*

Defendant's motion to dismiss is improperly filed, for two reasons. First, Rule 12(b) provides for pre-answer motions only,[12] but Defendant previously filed an answer in state court.[13] Therefore, Defendant should have filed a post-answer motion for judgment on the pleadings pursuant to Rule 12(c). Second, the instant motion seeks to introduce evidence extrinsic to the pleadings, and neither Rule 12(b) nor Rule 12(c) permits consideration of such evidence. Though Plaintiff nowhere pleads her age or a cause of action based on her age at the time of the collision, Defendant brings forward relevant evidence procured during discovery and bases a statute of limitations argument on this evidence. In other words, Defendant asserts an affirmative defense of statute of limitations, introduces extrinsic evidence in support, and seeks judgment on this evidence.

---

[7] Dkt. No. 1 at p. 9, ¶5.4.
[8] Civil Practice & Remedies Code § 129.001 ("The age of majority in this state is 18 years.").
[9] Dkt. No. 1 at p. 7.
[10] Dkt. No. 1 at p. 1, ¶2.
[11] Dkt. No. 11 at p. 3, ¶4.
[12] FED.R.CIV.P. 12 ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.").
[13] Dkt. No. 1 at p. 33.

O

When a motion to dismiss introduces matters outside the pleadings, courts have discretion to exclude that evidence from consideration.[14] If the Court does consider matters outside the pleadings, then the Court has converted the motion to dismiss into a motion for summary judgment.[15] The Court's discretionary power to convert the motion to dismiss into a motion for summary judgment conserves judicial resources, since if the motion to dismiss were denied, the movant could simply re-file it as a motion for summary judgment.

> "'Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action.' Accordingly, 'district courts are widely acknowledged to possess the power to enter summary judgments sua sponte, so long as the losing party was on notice that she had to come forward with all her evidence.'"[16]

Thus, the Court must ensure both parties are properly on notice that evidence extrinsic to the pleadings could be considered. If the fact that such evidence could be considered is not already apparent, pursuant to Rule 56(c), the nonmovant must have a reasonable time period to prepare.[17]

However, "[t]he court need not expressly warn the nonmovant that it plans to convert the motion. A non-moving party receives adequate notice when it is aware that the movant has placed matters outside the pleadings before the district court for its review."[18] Here, by responding to the extrinsic evidence and introducing yet more extrinsic evidence, Plaintiff has demonstrated that she is on notice that matters outside the pleading could be considered, and she

---

[14] *See* Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC, 255 F. App'x 775, 783 (5th Cir. 2007) ("It is well known that when "matters outside the pleading" are presented with a motion to dismiss under Rule 12(b)(6), a district court has complete discretion to either accept or exclude the evidence.").

[15] *See* Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 283 (5th Cir. 1993) ("Only if it appears that the district court did rely on matters outside the pleadings should an appellate court treat the dismissal as a summary judgment.").

[16] Nat'l Cas. Co. v. Kiva Const. & Eng'g, Inc., 496 F. App'x 446, 449 (5th Cir. 2012), citing Celotex Corp. v. Catrett, 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

[17] *See* Washington v. Allstate Ins. Co., 901 F.2d 1281, 1284 (5th Cir. 1990) ("The proper question, therefore, is whether Washington had ten days' notice after the court accepted for consideration matters outside the pleadings.").

[18] Guiles v. Tarrant Cnty. Bail Bond Bd., 456 F. App'x 485, 487 (5th Cir. 2012).

O

must come forward with her evidence. Finding the parties have been given adequate notice, the Court converts the motion to dismiss to a motion for summary judgment, and now explains the applicable standards for summary judgment.

*Standards for the Motion for Summary Judgment*

Summary judgment is appropriate when the case calls for judgment as a matter of law.[19] In other words, the Court must be able to make a legal ruling without resolving factual disputes. A moving party need not negate the nonmoving party's evidence, but may support its motion by pointing out the nonmoving party's lack of evidence, showing the immateriality of the nonmoving party's evidence, or by itself demonstrating that no genuine dispute exists. Here, the Court looks to the motion for summary judgment and the response to present the evidence for consideration.[20] After the moving party meets its burden, "the nonmoving party may not rest on mere allegations, but must set forth specific facts indicating a genuine issue for trial."[21]

Moreover, "a court considering a motion for summary judgment must consider all facts and evidence in the light most favorable to the nonmoving party."[22] Additionally, "a court must draw all reasonable inferences in favor of the nonmoving party and may not make credibility determinations or weigh the evidence. [Finally], a court 'must disregard all evidence favorable to the moving party that the jury is not required to believe.'"[23]

To bring such evidence for the Court's consideration, parties may cite to any part of the record, or bring evidence in the motion and response.[24] By either method, parties need not

---

[19] FED.R.CIV.P. 56 and 50 present similarities, so that the non-moving party's case must be sufficient to overcome a trial or post-trial motion for judgment as a matter of law.
[20] FED.R.CIV.P. 56(e).
[21] Elizondo v. Parks, 431 F. App'x 299, 302 (5th Cir. 2011).
[22] Haverda v. Hays Cnty., 723 F.3d 586, 591 (5th Cir. 2013) (citations omitted).
[23] Id.
[24] FED.R.CIV.P. 56(c).

O

proffer evidence in a form admissible at trial,[25] but must proffer evidence substantively admissible at trial.[26]

### III.    Minors, Personal Injury, and Contracts for Medical Treatments

Turning now to the motion itself, the Court notes that its jurisdiction is invoked on the basis of diversity of citizenship.[27] The Court, *Erie*-bound, must adhere to grounds of relief authorized by the state law of Texas.[28] Absent a decision by a state's highest tribunal, the decisions by Texas courts of appeals are controlling "unless [the Court] is convinced by other persuasive data that the highest court of the state would decide otherwise."[29]

*Medical Expenses and Minors*

The general rule in Texas is that "a cause of action to recover medical expenses incurred by a minor child through the date the child attains majority and for the loss of services and earnings of an unemancipated minor belongs to the child's parents."[30] The reason behind this policy is that the parent is responsible for medical expenses incurred before the child reaches the age of majority.[31] However, after the age of majority, the child bears legal responsibility for

---

[25] *See* Celotex Corp. v. Catrett, 477 U.S. 317, 324 ("We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment.").

[26] *See* Bellard v. Gautreaux, 675 F.3d 454, 460 (5th Cir. 2012) ("the evidence proffered by the plaintiff to satisfy his burden of proof must be competent and admissible at trial.").

[27] *See* Dkt. No. 1 at p. 1, ¶3.

[28] *See* Exxon Co. U.S.A, Div. of Exxon Corp. v. Banque De Paris Et Des Pays-Bas, 889 F.2d 674, 676 (5th Cir. 1989); *see also* Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938).

[29] *Id.* (quoting West v. AT&T, 311 U.S. 223, 237 (1940)) (internal quotation marks omitted).

[30] Sarabia v. McNair, 2010 WL 1427019 (Tex. App. - Fort Worth April 8, 2010, no pet.).

[31] *See* Roth v. Law, 579 S.W.2d 949, 956 (Tex. Civ. App. 1979) ("It is well settled law that because the parent is primarily liable for a minor's medical expenses incurred during minority any cause of action for medical expenses incurred up to the age of 18 belongs to such parent."); Walsh v. Hershey, 472 S.W.2d 954, 957-58 (Tex. Civ. App. 1971) ("Since the parent is primarily liable for a minor's medical expenses incurred during minority, the cause of action for the recovery of such expense belongs to such parent, and not to the minor."); Kennedy v. Kennedy, 505 S.W.2d 393, 397 (Tex.Civ.App.—Austin 1974, no writ) ("These points will be sustained since an unemancipated minor cannot recover for hospital and medical expenses incurred during his minority and for loss of earnings during his minority. It is the parent who is responsible for the medical expenses and who is entitled to recover for those expenses and for loss of earnings during minority.").

O

medical expenses. The parent cannot recover for medical expenses incurred after the age of majority,[32] while the child cannot recover for medical expenses incurred before.[33]

The ownership of the cause of action affects the applicable statute of limitations. If the parent fails to bring suit for medical expenses incurred during the child's minority, the statute of limitations will run, without being tolled.[34] By contrast, the child always owns the cause of action for the injury itself,[35] and the statute of limitations for a child's personal injury is tolled until the child reaches the age of majority,[36] regardless of whether the parent could have brought suit on the child's behalf.[37]

Here, Plaintiff does not dispute that she was a minor at the time of the accident in question, and that as a result thereof she received medical treatment prior to reaching her eighteenth birthday. Under Texas law, however, her parents own any claim to recover for the medical expenses incurred on Plaintiff's behalf.[38] Plaintiff's parents did not bring suit for these medical expenses, and Plaintiff cannot assert this cause of action on their behalf.

---

[32] *See* Kennedy v. Missouri Pac. R. Co., 778 S.W.2d 552, 558 (Tex.App.-Beaumont 1989, writ denied) ("Mrs. Kennedy is not entitled to expenses for medical treatment received by Raymond, Jr., after his eighteenth birthday. She is entitled as a matter of law to the medical expenses for treatment received by her children while they were minors.").

[33] *See* Garza v. Garza, 182 S.W.3d 69, 71 (Tex.App.-San Antonio 2005, no writ) ("We conclude that [ ] Lauren did not have standing to bring a claim for the medical expenses incurred before her eighteenth birthday . . . .").

[34] *See* Sax v. Votteler, 648 S.W.2d 661, 667 (Tex. 1983) ("However, because the Saxes have allowed the statute of limitations to run on their causes of action, they are barred from recovering medical costs in the past or those which Lori Beth may in all reasonable probability incur prior to her eighteenth birthday.").

[35] *Id.* at 666 (Tex. 1983) ("A child's cause of action, however, is distinctly separate from the parent's right to recover damages for injuries to children.").

[36] Weiner v. Wasson, 900 S.W.2d 316, 321 (Tex. 1995) ("Taken together, these sections require a minor to file a claim before reaching age twenty for personal injuries sustained during the period of minority.").

[37] *Id.* at 319 (Tex. 1995) ("In Sax, a unanimous Court explicitly considered and rejected the argument that the ability of child's parent to bring suit on behalf of the child was a reasonable substitute.").

[38] *See* Morrell v. Finke, 184 S.W.3d 257, 290-91 (Tex.App.-Fort Worth 2005, pet. denied) ("A child may recover damages for pain and suffering as well as for other damages she may accrue after she reaches the age of majority. Id. Parents, however, possess a cause of action to recover medical expenses incurred by their minor children through the date the child attains majority and for the loss of services and earnings of an unemancipated minor.").

O

*Plaintiff's Response*

       In the face of the clear and universal rule cited above, Plaintiff fails to cite a single case where a person who has recently turned eighteen has been held liable for a hospital bill. Instead, Plaintiff brings three novel, and contradictory, legal arguments. She argues that her medical care, as a contract for necessities, is "neither void nor voidable"; that she entered an implied contract by receiving medical treatment; and that she ratifies her parents' contracts for medical treatment. In effect, Plaintiff argues that she has accepted responsibility for these expenses, and should own the claim.

       These three arguments fail for the same reason: by her own testimony, Plaintiff never entered into these contracts. Plaintiff writes in the attached affidavit: "In exchange for my parent's [sic] promise to pay reasonable and necessary expenses of such medical treatment, the following health care providers treated me and incurred the itemized charges . . . ." [39] Because Plaintiff's parents contracted for her medical treatment, Plaintiff was not a party to the contract, and she cannot ratify a contract to which she was never a party. [40]

       Plaintiff attempts to establish legal liability for the medical expenses by writing in her affidavit: "I hereby accept full responsibility for my debts, and formally adopt and ratify each and every contract or promise, oral or written, between me, or a relative, and every provider listed above . . . ." [41] However, this affidavit lacks legal effect. Plaintiff's parents' promise to pay served as consideration and resulted in a completed contract. Plaintiff's new promise to pay the medical bills does not create any new obligation on the part of the medical providers. Her

---

[39] Dkt. No. 12 at p. 38.
[40] Plaintiff cites, among others cases, Household Credit Servs., Inc. v. Driscol, 989 S.W.2d 72, 87 (Tex.App.-El Paso 1998, pet. denied). However, that case involved ratification of an agent's conduct. Parents are not agents of their children, but guardians.
[41] Dkt. No. 12 at p. 38.

O

promise therefore lacks an opposing consideration and is unenforceable.[42] But even if Plaintiff has now obligated herself to pay the expenses incurred prior to her eighteenth birthday, this does not change the fact that the cause of action for any such claim belonged to the parents.

Plaintiff's other evidence does not controvert this conclusion. The affidavits and medical billing records simply show that she received medical treatment;[43] they do not show that Plaintiff, rather than her parents, contracted for the medical treatment.

## IV.    Holding

Texas courts unanimously hold that parents, not minors, bear legal responsibility for paying medical expenses, and own the legal claims for such medical expenses. Plaintiff's novel legal arguments attempt to establish her own liability and hence ownership of the claim, but she fails to locate any viable theory of contract which might reverse the usual rule. Accordingly, the motion for summary judgment is **GRANTED**, and the claim for expenses incurred prior to Plaintiff's eighteenth birthday is **DISMISSED**.


IT IS SO ORDERED.

DONE this 25th day of February, 2014 in McAllen, Texas.


_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE


---

[42] *See* Pena v. Hilliard, 2002 WL 31253484 (Tex. App. - San Antonio, Oct. 9, 2002, no pet.) ("A contract that lacks consideration lacks mutuality of obligation and is unenforceable.").
[43] Dkt. No. 12 at pp. 5-36.